**SO ORDERED.**

**SIGNED this 02 day of March, 2007.**



*Dale L. Somers*
Dale L. Somers
**UNITED STATES BANKRUPTCY JUDGE**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **In Re:** | |
| **ARACELY GAISER,** | **CASE NO. 05-19138** |
| **DEBTOR.** | **CHAPTER 7** |
| **J. MICHAEL MORRIS, Trustee,** | |
| **PLAINTIFF,** | |
| v. | **ADV. NO. 06-5140** |
| **FIRST BANK OF NEWTON and ARACELY GAISER,** | |
| **DEFENDANTS.** | |

**MEMORANDUM AND ODER**
**GRANTING TRUSTEE'S COMPLAINT FOR LIEN AVOIDANCE**

The matter before the Court is the cross motions for summary judgment on Count I of the Complaint filed by the Chapter 7 Trustee ("Trustee") to avoid the lien of Defendant First Bank of Newton ("Bank") in Debtor's exempt 2003 Pontiac ("Vehicle").[1] Plaintiff Trustee, J. Michael Morris, appears by Chasity M. Helm, of Klenda, Mitchell, Austerman & Zuercher, LLC. Defendant Bank appears by Timothy C. Hodge, of Adrian & Pankratz, PA. Defendant Debtor Aracely Gaiser appears pro se. There are no other appearances. The Court has jurisdiction.[2]

The matter was taken under advisement after the motions for summary judgment filed by the Bank[3] and the Trustee on Count I, lien avoidance pursuant to 11 U.S.C. § 544(a)(2),[4] were fully briefed and responses and replies filed. The Court is ready to rule, and for the reasons stated below, rules in favor of the Trustee on Count I of the Complaint because the Bank's lien in the Vehicle was not perfected on the date of filing.

---

[1] Count II of the Complaint seeks a court order on the rights of the parties with regard to the Vehicle, if the Trustee prevails on Count I, lien avoidance.

[2] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. A complaint to avoid a lien is a core proceeding which this Court may hear and determine as provided in 28 U.S.C. § 157(b)(2)(K). There is no objection to venue or jurisdiction over the parties.

[3] When moving for summary judgment, the Bank included in its motion, which also served as its memorandum in support, a "Petition against the Kansas Department of Revenue and Harvey County Kansas," seeking damages in the event its lien was avoided. Before filing the pleading, Bank did not seek leave to file a third party complaint. Bank then filed a Motion to Implead Necessary Parties, which was opposed. Following oral argument, the motion to implead was denied by order filed on December 12, 2006.

[4] This case was filed before October 17, 2005, when most provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 become effective. All statutory references to the Bankruptcy Code are to 11 U.S.C. §§ 101-1330(2004), unless otherwise specified. All references to the Federal Rules of Bankruptcy Procedure are to Fed. R. Bankr. P. (2004), unless otherwise specified.

2

**FINDINGS OF FACT.**

The material facts are uncontroverted. Prior to September 2005, Capital One Auto Finance ("Capital One") was granted a lien on the Vehicle, which was owned by Debtor and Leobardo Salgado.[5] On September 20, 2005, Bank refinanced the Vehicle with Bank, and the Debtor, as Borrower, and Leobardo Salgado, as co-singer, entered into a note, disclosure statement, security agreement, and authorization for payoff. The security agreement granted Bank a lien in the Vehicle. The note authorized Bank to pay $11,760.31 of the loan proceeds to Capital One. On September 28, 2005, Capital One executed a lien satisfaction showing release of its lien in the Vehicle.

No later than October 5, 2005, the Bank filed with the Harvey County Treasurer's Office a "Kansas Manual Application for Duplicate, Secured, or Reissued Title," together with the application fee and proof that the former lien had been released.[6] The application states the Owners are Leobardo Salgado and Debtor and that the Bank is the first lien holder.[7] However, the Harvey County Treasurer's Office made an error in processing the application. The Title and Registration Receipt, dated October 5, 2005, prepared by the Harvey Country Treasurer's Office, shows the lien of Capital One and omits the lien of the Bank.

Debtor filed for relief under Chapter 7 on October 14, 2005. The motor vehicle records of the Kansas Department of Revenue ("KDOR") show that a title for the Vehicle was issued on

---

[5] Although not included in the statements of facts presented by the parties, the Court concludes from an examination of the copy of the Title and Registration Receipt and other document copies submitted in support of the parties' statements of fact that the Vehicle was titled in Kansas when subject to Capital One's lien.

[6] At no time did the Bank file a notice of security interest with the appropriate agency.

[7] The application form instructions provide that a copy of the current Kansas title be attached.

3

October 27, 2005, pursuant to the October 5, 2005 application, and that the lien holder is Capital One Auto Finance. The Bank's lien is not noted on the certificate of title.

Debtor claimed the Vehicle exempt, and there was no timely objection. Debtor and Bank entered into a reaffirmation agreement with respect to the note secured by the Vehicle.

**ANALYSIS.**

Trustee seeks to avoid the Bank's lien on the Vehicle pursuant to § 544(a)(2). Controlling law is succinctly stated by the Tenth Circuit as follows:

> Section 544(a) of the Bankruptcy Code "confers on a trustee in bankruptcy the same rights that an ideal hypothetical lien claimant without notice possesses as of the date the bankruptcy petition is filed." *Pearson v. Salina Coffee House, Inc.*, 831 F.2d 1531, 1532 (10th Cir. 1987). Consequently, "[s]ection 544(a) allows the trustee to avoid any unperfected liens on property belonging to the bankruptcy estate." *Id*. The determination of whether a creditor's security interest is unperfected, and therefore avoidable under section 544(a), is controlled by state law. *Id*. at 1533.[8]

In this case, therefore, the right of the Trustee to avoid the Bank's lien on the Vehicle determined by whether pursuant to Kansas law the Bank had a perfected lien on the Vehicle on the date of filing, October 14, 2005.

Under Kansas law, perfection of most security interests is governed by the Kansas version of Article 9 of the Uniform Commercial Code. Although the filing of a financing statement perfects a lien in most personal property, as to property subject to the certificate of title laws of Kansas, "the filing of a financing statement is not necessary or effective to perfect a security interest."[9] For property subject to certificate of title statutes, perfection of a security

---

[8] *Morris v. CIT Group/Equipment Financing, Inc. (In re Charles)*, 323 F.3d 841, 842-43 (10th Cir. 2003).

[9] K.S.A. 2005 Supp. 84-9-311(a)(2).

4

interest is determined by "compliance" with such statutes and compliance "is equivalent to the filing of a financing statement under" Article 9.[10] In Kansas, the certificate of title statues applicable to motor vehicles are found in Chapter 8, Article 1 of the Kansas statutes.

Perfection of a lien in a motor vehicle is governed by K.S.A. 2005 Supp. 8-135. Under this statute, "[t]he lien must be noted on the certificate of title to be perfected,"[11] other than when the filing on a notice of security interest temporarily perfects a purchase money lien before the title is issued.[12] When a person acquires a security interest in a titled vehicle after the original title has been issued, a new certificate of title is issued showing the new lien. The procedure is stated in K.S.A. 8-135(d)(6) as follows:

> When a person acquires a security agreement on a vehicle subsequent to the issuance of the original title on such vehicle, such person shall require the holder of the certificate of title to surrender the same and sign an application for a mortgage title in form prescribed by the division. Upon such surrender such person shall immediately deliver the certificate of title, application, and a fee of $10 to the division. Upon receipt thereof, the division shall issue a new certificate of title showing the liens or encumbrances so created, but not more than two liens or encumbrances may be shown upon a title. When a prior lienholder's name is removed from the title, there must be satisfactory evidence presented to the division that the lien or encumbrance has been paid.

---

[10] K.S.A. 2005 Supp. 84-9-311(b).

[11] *Mid-American Credit Union v. Board of County Comm's of Sedgwick County*, 15 Kan. App 2d 216, 223, 806 P.2d 479, 484 (1991), rev. denied May 9, 1991.

[12] *Id.*; K.S.A. 2005 Supp. 8-135(c)(5).

Because the events in issue occurred after January 1, 2003, the division was not required to issue a paper title showing the Bank's lien, but was required to maintain possession of the certificate of title electronically and to create an electronic title.[13]

It is uncontroverted that the motor vehicle records of the KDOR show that a title for the Vehicle was issued on October 27, 2005, pursuant to the October 5, 2005 application. The lien holder shown on the new title is Capital One Auto Finance, not the Bank. Pursuant to the foregoing authorities, because the Bank's lien was not noted on the electronic certificate of tile, its security interest was not perfected on the date of filing, and the Trustee may avoid the security interest.

This case is nearly identical to *In re Anderson*,[14] where Chief Judge Nugent held that a vehicle lien is unperfected if it is not stated on the certificate of title on the date of filing, even if the creditor submitted proper application for the title and the omission of the lien from the title was the fault of public employees. On October 23, 2003, debtor had entered into a loan transaction with Intrust to refinance existing loans with First National on two vehicles. Intrust mailed proper applications for secured titles, showing its liens, to KDOR, and the applications were received on November 17, 2003. On November 20, 2003, KDOR issued two titles to the vehicles, neither of which included a notation of Intrust's liens. The Debtor filed her bankruptcy petition on July 23, 2004, when the liens were not noted on the electronic titles. The Court granted the Chapter 7 Trustee's complaint for lien avoidance, holding that the liens were unperfected because not noted on the titles on the date of filing. It held that K.S.A. 84-9-311(b)

---

[13] K.S.A. 2005 Supp. 8-135d.

[14] *Morris v. Intrust Bank, N.A. (In re Anderson)*, Case no. 04-14105, Adv. no. 04-5341 (Bankr. D. Kan. Oct. 2, 2006).

6

requires compliance with the vehicle titling statutes and nothing in K.S.A. 8-135(c)(6) "provides that 'presentation' of the application for the title alone constitutes perfection of the lien securing the vehicle refinance." The court held, "according to Kansas law, the perfection of a security interest in a titled vehicle that secures an obligation other than for purchase-money is only perfected upon notation of the lien on the certificate of title." This Court agrees. The Kansas certificate of title scheme for perfection of lien in vehicles has for many years effectively given notice of a secured party's interest to the public, other secured parties, and to third-party purchasers. Creating exceptions based upon errors of the County in fulfilling its duties under the certificate of title scheme would be contrary to the purpose of the lien notice system.

To avoid the forgoing result, the Bank argues that its application for title was proper and that it did all that was required for perfection. Bank relies upon two recent opinions construing the Kansas title statutes, but they do not provide a reason for this Court to adopt the Bank's position. The first is *In re Luke*,[15] an opinion by Chief Judge Nugent. *Luke* is a lien avoidance action where the debtor's vehicle loan had been refinanced on June 20, 2003, shortly before debtor filed for relief on July 28, 2003. The old creditor delayed in forwarding the lien release, and the new creditor, Wells Fargo, did not submit its title application along with the release until after August 13. Wells Fargo's lien was found to be unperfected on the date of filing. When examining what actions the new lender could have taken to perfect its interest while waiting for the lien release, the court stated, "[S]ubmission of the registration, the application, and the fee, had it been accomplished on June 20, 2003, would have sufficed to perfect Wells Fargo's lien."

---

[15] *Morris v. Wells Fargo Financial Acceptance Kansas, Inc. (In re Luke)*, Case no. 03-14067, Adv. no. 03-5323 (Bankr. D. Kan. Nov. 18, 2004).

In reliance on this statement, Bank argues that perfection is accomplished by submission of a proper application for a new title. This construction of the quoted sentence as supporting a "we did all we could" defense was recently rejected by Judge Nugent, in *In re Anderson*,[16] as an out-of-context quotation. As discussed above, in *Anderson*, Chief Judge Nugent held that a non-purchase money lien on a vehicle is unperfected if the lien is not noted on the certificate of title, even if the failure is not the fault of the lender.

The second recent case cited by Bank is the district court opinion in *In re Hicks*.[17] In *Hicks* the district court reversed this Court [18] and held that perfection of a purchase money lien temporarily accomplished by the filing of a notice of security interest was not lost because of an error made by the KDOR when issuing the certificate of title without the lien. In this case, the Bank's lien was never perfected, so the processing error did not result in loss of established perfection. This Court declines to extend *Hicks* to allow perfection in the first instance by a method that does not give notice in the manner contemplated by the vehicle statutes, especially when the decision is on appeal to the Tenth Circuit Court of Appeals.

The Bank also relies upon a Tenth Circuit case, *In re Littlejohn*,[19] in support of its defense. This case has been abandoned by the Tenth Circuit[20] and rejected by the Kansas Court

---

[16] *In re Anderson*, Case no. 04-14105, Adv. No. 04-5341 (Bankr. D. Kan. Oct. 2, 2006).

[17] *Hicks v. Boeing Wichita Credit Union*, 2006 WL 1764119, 60 UCC Rep. Serv.2d 413 (D. Kan. 2006).

[18] *Morris v. Boeing Wichita Credit Union (In re Hicks)*, Case no. 03-16625; Adv. no. 04-5072 (Bankr. D. Kan. Sept. 14, 2005).

[19] *Commerce Bank, N.A. v. Chambers (In re Littlejohn)*, 519 F.2d 356 (10th Cir. 1975).

[20] *Lentz v. Bank of Independence (In re Kerr)*, 598 F.2d 1206, 1208 (10th Cir. 1979).

of Appeals.[21]  Three of the four bankruptcy court judges of this district[22] have refused to follow *Littlejohn* in cases similar to the case now before the Court.  The holding of *Littlejohn* does not provide a defense.

Finally, the Bank suggests that it has a perfected purchase money lien because it refinanced the Capital One loan.  There are no statements of fact, either controverted or uncontroverted, that the Bank's transaction with the Debtor was a refinancing where the Bank replaced Capital One as lender and thereby acquired its rights to the Vehicle.  There was no express assignment of either Capital One's note or security interest to the Bank.  Rather, there was a new loan with a lender unrelated to the initial lender, where the loan proceeds were forwarded to pay off the initial loan for satisfaction of the security interest.[23]  The payment of the initial loan was not a simple bookkeeping entry; it involved the transfer of funds from one lending institution to another.  In addition, Capital One, at the request of the Bank, when receiving the pay off of its loan, released its lien, rather than assigning it to Bank.  Once the security interest was released, there was no lien of Capital One which could be perfected.  The Bank is not entitled to the benefits of the lien perfection accomplished by Capital One.

---

[21] *Mid American Credit Union v. Board of County Comm'rs of Sedgwick County*, 15 Kan. App. 2d at 223, 806 P. at 484.

[22] *In re Luke*, Case no. 03-14067, Adv. no. 03-5323 (Bankr. D. Kan. Nov. 18, 2004) (Chief Judge Nugent rejected argument that creditor did all it could to perfect a security interest in a vehicle as invoking "the ghost of an old bankruptcy case, *In re Littlejohn*"); *Redmond v. MHC Financial Services, Inc. (In re Barker)*, Case no. 04-21434, Adv. no. 04-6132 (Bankr. D. Kan. Jan. 9, 2007) (Judge Berger noting that the prediction of *In re Littlejohn* that substantial compliance would be extended to filing requirements has not been adopted and perfection of a lien must be effected in accordance with the Kansas certificate of title statues); *In re Hicks*, Case no. 03-16625; Adv. no. 4-5072 (Bankr. D. Kan. Sept. 14, 2005) (Judge Somers holding that *In re Littlejohn* has been abandoned by the Tenth Circuit and rejected by the Kansas Court of Appeals).

[23] The transaction is clearly distinguishable from the refinancing in issue in *Davis v. Emprise Bank (In re Jackson)*, Case no. 05-19138; Adv. no. 06-5140 (Bankr. D. Kan. Feb. 22, 2007).

9

**CONCLUSION.**

For the foregoing reasons, the Court grants the Trustee judgment of Count I of the complaint for lien avoidance. There are no material facts in dispute, and the Trustee is entitled to judgment as a matter of law. The Bank's lien on the Vehicle was not perfected on the date of filing because it was not noted on the Vehicle certificate of title. The reasons for the failure of the title to reflect the lien are not relevant to the Trustee's avoidance claim. The Bank's lien on the vehicle is avoidable pursuant to § 544(a)(2).

One other matter must be addressed. In Count II of his Complaint, the Trustee states he does not object to the Debtor's exemption of the Vehicle, but requests the Court to determine the parties' rights with regard to the Vehicle. However, because none of the summary judgment pleadings address this issue, the Court does not know whether there is a dispute about such rights needing the Court's intervention. Within 45 days of the filing of this Memorandum and Order, the parties shall confer and, if guidance of the Court will be required, file a new Rule 26(f) report of parties' planning meeting as to all remaining issues. If there are no issues for submission to the Court, the parties shall so advise the Court in lieu of filing the Rule 26(f) report.

In conclusion, the Court grants Count I of the Trustee's Complaint, finding the Bank's lien on the Vehicle unperfected and avoidable. The Court directs the parties to submit Rule 26(f) report of parties' planning meeting as to all Count II issues within 45 days of the filing of this Memorandum and Order.

The foregoing constitute Findings of Fact and Conclusions of Law under Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

###